**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

December 15, 2009

Paul R. Schlitz, Jr., Esq.
Jenkins, Block & Assocs. PC
1040 Park Avenue
Baltimore, MD 21201

Allen F. Loucks, AUSA
36 South Charles Street
4th Floor
Baltimore, MD  21201

**Re: Shawanda Henry o/b/o Maurice Sawyer v. Michael J. Astrue, Commissioner of Social Security, PWG-08-1937**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Maurice Sawyer's claim for Children's Supplemental Security Income ("SSI"). (Paper Nos. 8,22,25). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  A hearing is unnecessary.  Local Rule 105.6.  For the reasons that follow, this Court DENIES the Plaintiff's Motion and GRANTS the Commissioner's Motion.

Shawanda Henry, on behalf of her son, Maurice Sawyer (sometimes referred to as "Claimant" or "Mr. Sawyer") applied for childhood SSI on September 15, 2005, alleging that he was disabled due to attention deficit hyperactivity disorder("ADHD"), a learning disorder, and a mood disorder. (Tr. 16, 44-49).  His claim was denied initially, and upon reconsideration.(Tr. 32-37). After a hearing before an Administrative Law Judge("ALJ"), the Honorable Frances P. Kuperman, on February 22, 2008, the ALJ evaluated Maurice's claim for children's SSI benefits using the three-step sequential process set forth in 20 C.F.R. § 416.924 and issued a decision dated April 21, 2008.  The ALJ's findings at steps one and two were favorable to Claimant and the ALJ found Maurice had the following severe impairments: ADHD and oppositional defiant disorder.(Tr. 16).  At step three however the ALJ found that the Claimant did not have an impairment or combination

of impairments that met any listed impairment. (Tr. 16-17). Additionally, the ALJ determined that Claimant did not have an impairment or combination of impairments that would be functionally equivalent[1] to any listed impairment.(Tr. 17-24). Therefore, the ALJ determined that the Claimant was not disabled for purposes of children's SSI benefits. (Tr. 24). On May 28, 2008, the Appeals Council denied Mr. Sawyer's request for review, making his case ready for judicial review. (Tr. 5-8).

Mr. Sawyer alleges that the ALJ made two errors. First, he maintains the ALJ failed to give proper weight to his treating physician's opinions. Second, he contends that the ALJ erred by not striking certain evidence from the record. *See* Plaintiff's Memorandum, pp. 4-6. The Commissioner argues that the ALJ properly discounted Dr. Gouel's opinions and that the ALJ's decision to afford great weight to the consultative examiner's ("CE") report and a teacher's report in finding that Maurice did not have any "marked" limitations is supported by substantial evidence. *See* Defendant's Memorandum, pp. 13-15. As explained below, after careful review of the entire record and the ALJ's decision, I conclude that substantial evidence supports the ALJ's decision and therefore will DENY the Plaintiff's Motion for Summary Judgment, and GRANT the Commissioner's Motion.

First, Claimant argues that the ALJ failed to give proper weight to Dr. Elias Gouel's evaluation, Exhibit 10-F. (Tr. 172-173). Claimant argues that this report is supported by the medical records. In particular, he argues that Dr. Gouel's opinion that Maurice had all "marked" and "extreme" limitations is the only medical opinion from an examining source and that the other evidence in the record can not "trump the opinion" of a treating physician. *See* Plaintiff's Memorandum, p. 4. In response, the Commissioner argues that the ALJ properly assessed all of the medical opinions of record. *See* Defendant's Memorandum, pp. 13-15.

A treating physician's opinion is given controlling weight when two conditions are met:1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques and 2) it is consistent with other substantial evidence in the record. *See Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 CFR §404.1527(d)(2). While treating source opinions on issues reserved to the Commissioner--such as determining whether a Claimant meets a Listing--are not entitled to controlling weight, the ALJ still must evaluate all of the evidence in the case record to determine the extent

---

[1] Functional equivalence is determined by rating a child's abilities with respect to six "domains." 20 C.F.R. § 416.926a

to which the opinion is supported by the record.  In this case, I find that the ALJ fulfilled this duty.  The ALJ noted Dr. Gouel's opinions that Claimant had "marked" impairments in two of the domains listed in 20 CFR §416.926(d) and therefore arguably met a Listing. (Tr. 172-173).  However, the ALJ found that Dr. Gouel's opinions were not fully supported by the evidence of record.(Id.).  When viewed in its entirety, as is required, the evidence in the record supports the ALJ's determination to afford little weight to Dr. Gouel's opinion.  The ALJ discussed evidence that contradicts Dr. Gouel's opinions, including the opinions of state agency physicians but more importantly, the ALJ discussed the doctors own treatment notes, which were inconsistent with his opinion.  For example, as noted by the ALJ, Dr. Gouel stated in 2006 that Maurice was "much calmer", was able to play, and interacted well. (Tr. 18, 176).

    I also am not persuaded by Claimant's argument that the ALJ improperly relied on the opinions of Dr. Oidick, Dr. Lee, and Mr. Hugh Ward, LCSW, in finding that Maurice was not disabled.  SSR 96-6p provides that an ALJ may afford great weight to non-examining state agency physicians' opinions.[2] The ALJ adequately discussed the reasons for affording the State Agency physicians' opinions significant weight. (Tr. 18-19).  Dr. Oidick's assessment stated, *inter alia,* that Claimant had a "less than marked" limitation in his ability to acquire and use information, interact, and relate to others. (Tr. 18,153-157).  Equally important is that in rendering his opinions, Dr. Oidick provided an explanation for his opinions including the statement that Claimant's medical records and school records showed that his symptoms were well controlled with his medication. (Tr. 155).  Maurice was seen by Dr. Grace Lee in 2008, who noted Maurice was calm, had clear thought processes, and had fair judgment and insight. (Tr. 182-186).  This evidence supports the ALJ's decision to find that Maurice has a less than marked limitation in his ability to acquire and use information.  Thus the ALJ's decision not to afford controlling weight to the opinions Claimant's treating physician was adequately explained and is supported by substantial evidence.

    Finally, Mr. Sawyer argues that the ALJ should have "stricken from the record" the report submitted by one of the state agency examining physicians, Dr. Geetha Chandrasekha as well as the unsigned teacher's report from Maurice's school, Deep Creek Elementary.

---

[2] SSR 96-6p, in relevant part, states:*3 In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists **may be entitled to greater weight than the opinions of treating or** examining sources. SSR 96-6P, 1996 WL 374180 at *2*3(S.S.A.)(emphasis added).

    Claimant contends without citing any controlling case, regulation or statute to support it that Dr. Chandrasekhar's report was not dictated until "nearly a month" after he examined Maurice, and therefore the doctor's recollection is questionable and the report is not supportable. *See* Plaintiff's Mem., p.5   There is no basis --in law or fact-- for the undersigned to find that the doctor's ability to complete his report was hindered by the time span that occurred between the date of his exam and dictation of his report. Dr. Chandrasekhar examined Maurice on February 17, 2006 and dictated his report on March 7, 2006.  Likewise, I am not persuaded that the teacher questionnaire found in Exhibit 10E should have been stricken from the record.  It is readily apparent who authored the questionnaire in this case.  The author identified themselves as the "reading written language instructor" who saw Maurice for 1 hour every Monday, Tuesday, Wednesday and Friday for a period of at least 2 years. (Tr. 110). *Cf. Hooper v. Heckler*, 752 F.2d 83, 85, fn.2 (4th Cir. 1985)(Propriety of Secretary's practice of entering into evidence unsigned reports of telephone conversations between Claimants' treating physicians and unidentified state agency medical consultants called into question).

    Thus, for the reasons given, this Court DENIES the Claimant's Motion for Summary Judgment and GRANTS the Commissioner's Motion.  A separate Order shall issue.

                                    Sincerely,

                                         /s/
                                    Paul W. Grimm
                                    United States Magistrate Judge